# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

In re:

LINDA R. CLARY,

      Debtor.

Case No. 08-15621-RGM
(Chapter 7)

## MEMORANDUM OPINION

THIS CASE was before the court on April 13, 2010, on the former chapter 7 trustee's motion to reopen the case.

The debtor and her former husband are co-owners of a parcel of real property located in Clifton, Virginia. During the course of the administration of the case, the chapter 7 trustee investigated the value of the property and the liens encumbering it. While the debtor's former husband expressed an interest in purchasing the property, the trustee concluded that a purchase was not feasible. The trustee filed a no distribution report on August 10, 2009 and the case was closed on January 8, 2010.

Recently, the debtor's former husband provided the trustee with a title report which shows that there are now no liens on the property. As a result, the former husband made an offer to the trustee to acquire the property. The trustee seeks to reopen the case to accept the offer.

The basis for reopening a case is well established. The District Court stated:

> Section 350 of the Bankruptcy Code allows a bankruptcy court to reopen a closed case to administer assets, to accord relief to the debtor, or for other cause. 11 U.S.C. § 350(b). Merely granting a motion to reopen does not afford the parties any substantive relief, but rather provides the opportunity to request further relief. Ordinarily, for a court to grant a motion to reopen, the moving party must demonstrate that there is a compelling cause. *Reid v. Richardson,* 304 F.2d 351, 355 (4th Cir.1962).

*Horizon Aviation of Virginia, Inc. v. Alexander (In re Alexander),* 296 B.R. 380, 382 (E.D.Va. 2003). *See also In re Parson,* 2007 WL 3306678 (Bankr.E.D.Va. 2007) at *7. If reopening the case would be a futile act because the objective cannot be achieved, generally, the case should not be reopened. *In re Locklair,* 2006 WL 1491440 (Bankr.M.D.N.C. 2006).

Reopening this case would be a futile act because the property in question ceased to be property of the estate on January 8, 2010, when the case was closed. Section 554(c) of the Bankruptcy Code provides:

> Unless the court orders otherwise, any property scheduled under §521(l) of this title not otherwise administered at the closing of the case is abandoned to the debtor and administered for purposes of §350 of this title.

Merely reopening the case does not revest property that was abandoned by the trustee in the reopened estate. *In re Tittle,* 346 B.R. 684, 692 (Bankr.E.D.Va. 2006); *In re Sutton,* 10 B.R. 737 (Bankr.E.D.Va. 1981). To provide otherwise would effectively give this court jurisdiction over assets of a debtor in perpetuity. At any time in the future, if the value of an asset changed or liens were discharged, a trustee would have the ability to reopen the case and sell the asset for the benefit of creditors. The judgment as to whether property should be administered or abandoned is made by the trustee during the course of the case and is final except in extraordinary circumstances. *In re Locklair,* 2006 WL 1491440 (Bankr.M.D.N.C. 2006).

In these circumstances, reopening the case to entertain an offer for the sale of property that is not property of the estate would be a futile act and the motion will be denied. *In re Carberry,* 186 B.R. 401, 402 (Bankr.E.D.Va. 1995).

Alexandria, Virginia
April 15, 2010

/s/ Robert G. Mayer
Robert G. Mayer

United States Bankruptcy Judge

Copy electronically to:

Robert R. Weed
Gordon P. Peyton

15917